

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAMON MARKIETH ASBERRY, | § | No. 08-15-00058-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 3 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1347455D) |
| | § | |

## O P I N I O N[1]

Damon Markieth Asberry was convicted of one count of aggravated sexual assault of a child younger than 14 years of age (Count I) and two counts of indecency with a child (Counts II and III). The trial court assessed punishment of 15 years' imprisonment on Counts I and II and 10 years' imprisonment on Count III, to run concurrently. Attached to the judgment of conviction and sentence for Count I is a bill of court costs.[2] Amongst the costs imposed is a $250.00 "DNA Testing" fee authorized by Article 102.020 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 102.020(a)(1)(West Supp. 2015); TEX.GOV'T CODE ANN.

---

[1] This case was transferred to this Court from the Second Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

[2] Although no bills of costs were attached to the judgments of conviction and sentence for Counts II and III, Asberry asserts "the trial court intended to issue the DNA Testing Fee against each conviction." *See* TEX.GOV'T CODE ANN. § 411.1471(a)(1)(B)(West Supp. 2015). The State does not challenge Asberry's assertion.

§ 411.1471(a)(1)(D)(West Supp. 2015).   By statutory decree, 35 percent of this fee is allocated to the state highway fund and 65 percent to the criminal justice planning account.   *See* TEX.CODE CRIM.PROC.ANN. art. 102.020(h).

On appeal, Asberry argues that, because none of the statutorily authorized uses for this fee are necessary or incidental to the trial of a criminal case, the fee always operates as an unconstitutional tax, not a legitimate court cost, under the standard set forth in *Ex Parte Carson*. *See* 143 Tex.Crim. 498, 505-06, 159 S.W.2d 126, 130 (1942)(op. on motion for reh'g)(holding that a $1 law library fee was not a valid court cost because its use in establishing and maintaining a law library was not necessary or incidental to the trial of a criminal case).   But Asberry's constitutional complaint fails for two reasons.

First and foremost, he did not preserve it for our review because he failed to present it to the trial court.   *See Davis v. State*, No. 02-15-00163-CR, 2015 WL 5770516, at *4 (Tex.App.--Fort Worth Oct. 1, 2015, pet. filed)(mem. op., not designated for publication)(holding that a facial challenge to the constitutionality of Section 133.102 of the Texas Local Government Code, which states that a defendant "shall pay" $133 "on conviction of a felony," cannot be raised for the first time on appeal);[3] *Guerrero v. State*, Nos. 01-13-00821-CR, 01-13-00822-CR, 2015 WL 2266247, at *3-*4 (Tex.App.--Houston [1st Dist.] May 14, 2015, pet. filed)(mem. op., not designated for publication)(same); *Thias v. State*, No. 07-12-00513-CR, 2014 WL 6556530, at *2 (Tex.App.--Amarillo Nov. 20, 2014, no pet.)(mem. op., not designated for publication)(same).

---

[3] Because this case was transferred to this Court from the Second Court of Appeals and we have yet to address whether an appellant may raise a facial challenge to the constitutionality of Article 120.020 for the first time on appeal, we will follow precedent from the Second Court of Appeals.   *See* TEX.R.APP.P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.").

Second and alternatively, the Court of Criminal Appeals recently considered and rejected Asberry's complaint in *Peraza v. State*, a case involving the same issue. *See* 467 S.W.3d 508, 517 (Tex.Crim.App. 2015)(rejecting the argument that Article 102.020 is facially unconstitutional under the *Carson* standard for determining whether a court cost is valid because this standard "ignores the legitimacy of costs that, although not necessary to, or an incidental expense of, the actual trial of a criminal case, may nevertheless be directly related to the recoupment of costs of judicial resources expended in connection with the prosecution of criminal cases within our criminal justice system."). As an intermediate appellate court, we are bound by the controlling decisions of the court of criminal appeals. *See* TEX.CONST. art. V, § 5(a)(court of criminal appeals is final authority for criminal law in Texas). Accordingly, we overrule Asberry's issue.

The trial court's judgments are affirmed.

December 4, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

3